## GOLDSTEIN v LEVENSON et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 17012. Decided Jan 9, 1939

Lurie & Zaller, Cleveland, for appellant. Keenan & Butler, Cleveland, for appellees.

STEVENS, PJ, WASHBNRN and DOYLE, JJ, (9th Dist) sitting by designation.

## OPINION

By STEVENS, PJ.

A demurrer interposed by defendants to plaintiff's third amended petition, upon the ground that said petition did not state a cause of action, was sustained by the trial court. Plaintiff not desiring to plead further, final judgment in favor of defendants was entered. Appeal upon questions of law brings the matter before this court; the plaintiff below being the appellant here, and the defendants below being the appellees here.

We are called upon to determine only whether or not the petition states a cause of action against the defendants.

Paraphrased, the allegations of the petition are that defendants "were the owners of, and in sole and exclusive control of, an apartment building"; that plaintiff rented an apartment in said building from defendants, and resided therein; that while using the hot water faucet in the shower in said apartment, the handle of said faucet broke and plaintiff was injured thereby. As one of the claimed grounds of defendants' negligence, plaintiff stated: "Defendants knew * * * that the water faucet

marked 'hot' * * * was inherently defective in its original construction * * * ."

Assuming the truth of these statements, as we are required to do when a petition is being tested upon demurrer, we find first the allegation that the premises were in the sole and exclusive control of the defendants.

Judge Matthias in **Berkowitz v Winston,** 128 Oh St 611, discussing the liability of a landlord for tort, stated at p. 613:

"There is no liability for tort without possession or control * * *.

"The rule that liability in tort is an incident to occupation or control * * * has been generally adopted and applied * * *."

See also, **Neckel v Fox, 110 Oh St 150,** and the opinion of this court in Miller, Admr., v Ellis et, No. 1371, Summit County, decided April 9, 1928.

There are in this petition allegations coupling the injury complained of to the defects claimed to be inherent in the original construction of the faucet in question.

The exclusive control of the premises was in the defendants at the time plaintiff sustained the injury in question, and having included in the petition well-pleaded allegations of negligence and proximate cause, we are of the opinion that the petition does state a cause of action against the defendants. Whether or not the plaintiff will be able to prove the allegations of the petition is a matter with which we are not now concerned.

We hold that the trial court erred in sustaining the demurrer to the petition aforesaid, and in entering final judgment in favor of the defendants.

The judgment will be reversed and the cause remanded for further proceedings according to law.

WASHBURN and DOYLE, JJ, concur.